UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-613-JD-MGG

WARDEN, et al.,

    Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint (ECF 1) against the Warden of the Indiana State Prison, Sgt. Tustison, and Lt. St. Martin alleging that he is being retaliated against for filing complaints. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"To prevail on his First Amendment retaliation claim, [Cleveland] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation

marks and citations omitted). Cleveland alleges that he engaged in protected activity by filing several complaints against officers. Cleveland claims that, on July 4, 2019, Sgt. Tustison falsely alleged that he possessed a weapon shaped like a knife, and that he made the false allegation because Cleveland has filed complaints.[1] He further alleges that Lt. St. Martin lied by saying that she viewed the video and that the video shows Officer Tustison removing the knife from his person. Cleveland alleges that Lt. St. Martin also lied because Cleveland had filed complaints. The filing of a conduct report would likely deter future First Amendment activity. Here, giving Cleveland the inferences to which he is entitled at this early stage, he has stated a claim.[2]

Cleveland asserts that three of the officers he has sued in other cases (Sgt. Gordon, Officer Pacheco, and Officer Masson) remain in his range, and he claims that he is afraid for his life when one of the officers (Officer Masson) is present. But, Cleveland does not indicate that these officers remain on his range at the direction of Sgt. Tustison, Lt. St. Martin, or the Warden. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine

---

[1] Cleveland further alleges that there have been other threats of false disciplinary allegations, but he does not indicate the nature of the allegations, who made them, or when they were made. These vague assertions do not state a claim.

[2] If Cleveland lost credit time due to a guilty finding on the false charge, then he cannot pursue a claim that he was wrongfully charged with the conduct violation until his guilty finding is overturned. *See Edwards v. Balisok*, 520 U.S. 641 (1997). However, there is no indication in the complaint that Cleveland suffered a loss of credit time.

of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Cleveland has not alleged that any of the defendants sued here were involved in the decision to allow Sgt. Gordon, Officer Pacheco, and Officer Masson to remain on his range after he filed lawsuits against them. Furthermore, while Cleveland has indicated that he is afraid of Officer Masson, he has not alleged that he has presented information to any of these defendants that suggests that they were deliberately indifferent to a substantial risk that Cleveland would face serious harm at the hands of Officer Masson.[3] Indeed, he has not presented facts showing that there is a substantial risk that he will face serious harm at the hands of Officer Masson in his complaint. Thus, Cleveland may not proceed against any of the defendants named in this lawsuit on these allegations.

As a final matter, Cleveland seeks to be transferred to another facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the

---

[3] The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Furthermore, mere fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997).

3

discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against Sgt. Tustison in her individual capacity for monetary damages for retaliating against him for filing complaints against officers by making a false disciplinary allegation against him on July 4, 2019, in violation of the First Amendment;

(2) GRANTS Keith Cleveland leave to proceed against Lt. St. Martin and in his individual capacity for monetary damages for retaliating against him for filing complaints against officers by making a false statement in support of a disciplinary allegation against him on or about July 4, 2019, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES the Indiana State Prison Warden;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Tustison and Lt. St. Martin at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Tustison and Lt. St. Martin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 24, 2019

                                                /s/ JON E. DEGUILIO  
                                                JUDGE  
                                                UNITED STATES DISTRICT COURT