UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH CLEVELAND, <br><br> Plaintiff, <br><br> v. <br><br> TUSTISON, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-613-JD-MGG |

### AMENDED OPINION AND ORDER[1]

Keith Cleveland, a prisoner without a lawyer, is proceeding on First Amendment claims against Sgt. Tustison for retaliating against him for allegedly filing complaints against officers by making a false disciplinary allegation against him on July 4, 2019, and against Lt. St. Martin for retaliating against him for filing complaints against officers by making a false statement in support of that false disciplinary allegation. ECF 6. The defendants, by counsel, filed a motion for summary judgment, alleging that Cleveland failed to exhaust his administrative remedies with respect to these claims as required by 42 U.S.C. § 1997e(a). ECF 47.

Cleveland was provided with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 49. The notice informed Cleveland of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could

---

[1] This order is amended to correct a clerical error on page four.

accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Cleveland filed an unsigned response. ECF 51.

A grievance process was available to inmates during Cleveland's time at the Indiana State Prison. ECF 47-1. This policy sets forth a multi-step grievance process. First, an inmate must attempt to informally resolve his complaint. ECF 47-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten days of the incident giving rise to the complaint. *Id.* at 9-10. Finally, if an inmate is dissatisfied with the resolution of the formal grievance, he may file an appeal within five days of receiving a response to the formal grievance. *Id.* at 11-12. And, if his appeal is denied, he may seek further review. *Id.* at 12.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the

2

district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Grievance Specialist Joshua Wallen represents that there is no record of Cleveland properly filing any grievance or grievance appeal while at Indiana State Prison. ECF 47-1 at ¶ 16. Wallen also reviewed grievance records for any written grievances pertaining to this case that may have been returned to Cleveland as defective and found no such record. *Id.* at ¶ 17.

In his response, which this court considers in the interests of justice even though it is not signed, Cleveland indicates that he did file a grievance. ECF 51. He did not, however, include a copy of the grievance with either his complaint or his response to the pending motion for summary judgment. Cleveland's response suggests that he provided a copy to the court at one point, but that the Clerk's Office mistakenly filed it in cases 3:19-CV-578 and 3:20-CV-173. After reviewing the dockets in those cases, the court has not located any grievance filed within the ten days following the incident. Cleveland did file a motion (ECF 39) together with grievance documents related to multiple cases in both this case and case 3:19-CV-598. The grievance documents

3

included a copy of a grievance dated September 16, 2019, that appears to be related to the claims in this case, but the motion and grievance documents were stricken by the court because Cleveland filed them in eight of his cases even though many of the documents were clearly not relevant to the cases where they were filed. ECF 42. Cleveland was ordered to avoid filing requests pertaining to multiple cases in a single document, instructed to file separate motions in each case where he is seeking relief, and granted leave to refile his motion with only this cause number to the extent that his request is relevant to this case. *Id.* Cleveland did not refile his motion or any of the exhibits attached thereto in this case. Even if Cleveland did submit this grievance on the date indicated, it was well outside the time permitted by the grievance policy and Cleveland has offered no explanation for his failure to submit them in a timely manner.

Nothing in the record suggests that Cleveland was unable to submit a timely grievance in accordance with the grievance policy. In sum, the undisputed evidence demonstrates that Cleveland did not exhaust his available administrative remedies with respect to his retaliation claims. Therefore, the motion for summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 25);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on April 28, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4